IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06CR223-MEF |
| | ) | |
| KAREN KILGO ROBINSON | ) | |

### ORDER

The defendant has moved for continuance of the trial of this case and has waived her right to speedy trial. While the granting of a continuance is left to the sound discretion of the trial judge, **United States v. Warren**, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the **Speedy Trial Act**, 18 U.S.C. §3161 ["The Act]. The Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such a matter. 18 U.S.C. §3161(c)(1). **See United States v. Vassar**, 916 F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance that the judge grants "on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A).

In this case, the defendant is a co-defendant with her husband, Adam Robinson. In an order dated 29 September 2006, the court set the co-defendant's trial for 12 March 2007. Moreover, the government does not object to a continuance, and the defendant is willing to waive her right to a Speedy Trial under the Act. The court concludes that the ends of justice

served by continuing this case outweigh the interests of the public and the defendant in a speedy trial.

Accordingly, it is hereby ORDERED that the motion for continuance filed by the defendant be GRANTED and that this cause be set on the 12 March 2007 term

DONE this 11th day of October, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE