IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:06-cr-0223-MEF |
| ) | |
| KAREN KILGO ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS SEARCH

COMES NOW the defendant, Karen Kilgo Robinson, by and through her undersigned counsel, Richard K. Keith, and moves to suppress all items illegally seized as a result of the unconstitutional search of both a mail package from Germany and of her residence at 1708 Formosa Court in Deatsville, Alabama.  The items to be suppressed include any physical evidence seized in both the mail package and any items seized during the search of the defendant's residence, which are the illegal "fruits" of the search.

### Relevant Facts

On June 1, 2006, United States Customs and Border Protection Officer Daniel Nugent intercepted a mail package from Germany destined for Adam Robinson, 1708 Formosa Court in Deatsville, Alabama 36022.  The officer discovered that the package contained a Weihrauch Sport German Silencer.  On that same day, Special Agent Fitzpatrick from the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF) was contacted by Special Agent Henderson of the Immigration and Customs Enforcement (ICE).  Henderson advised Fitzpatrick that Nugent had discovered the

1

above described mail package.  Henderson advised that he had identified the residents who reside at the above address as Adam Robinson and Karen Robinson.

On June 6, 2006, Andrew Miller of the ATF Firearms Technology Branch confirmed to Agent Fitzpatrick that the silencer would be classified as a firearm silencer as defined in Title 18 United States Code Section 921(a)(24).  Fitzpatrick further inquired of the National Firearms Registration Records and learned there were no records of any firearms or other items registered to Adam Robinson.  Fitzpatrick learned that Adam Robinson had a Certificate of Pardon with Restoration of Civil and Political Rights from Alabama dated April 7, 1997, and that the certificate did not restore any rights to possess firearms.  He also learned that the certificate did not relieve Adam of the effects of the Habitual Offender Act.

On June 15, 2006, Agent Fitzpatrick and other agents of the ATF along with agents from the United States Postal Inspector's Service and ICE initiated a controlled delivery of the mail package containing the silencer to 1708 Formosa Court in Deatsville, Alabama 36022.  Agents left the package in a mailbox located in front of the residence and observed Karen Robinson leave the residence and retrieve the package.  Following the delivery, agents executed a Federal Search Warrant on the home discovering several firearms, silencers, pipe bombs, and ammunition.

## Discussion

A.    <u>The mail package was illegally searched upon entry into the United States.</u>

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. CONST., amend. IV.

In United States v. Ramsey, 431 U.S. 606 (1977), a similar issue was presented to the United States Supreme Court. A customs officer in New York City inspected a large amount of incoming mail from Thailand being mailed to Ramsey and Kelly in Washington, D.C. The officer discovered that the packages were bulky and that they might contain merchandise or other contraband. The officer, based on the letters coming from a country known for exporting drugs and the feel of the contents of the packages, assisted another inspector in opening the letters. Id. at 609-610. The Supreme Court held that Title 19 U.S.C. Section 482, authorized customs officials to inspect, under the circumstances, therein stated, incoming international mail provided they have reasonable cause to suspect or believe there is merchandise which was imported contrary to law or customs laws. Id. at 611-615. Under the circumstances presented in that case, the Court held that based on the fact that the packages were from Thailand, heavy, bulky, and the packages felt like there was some contraband or merchandise in them, there was cause to suspect that there was something contrary to law in them.

Here, there is no such information provided. The information contained in the affidavits and reports from the government only indicate that somehow, the customs official opened the package from Germany. Indeed, the affidavit presented by Agent Fitzpatrick says only that the package was marked as a "CO-2-Set." Fitzpatrick goes on to say that "upon further investigation, Officer Nugent discovered the parcel contained an item which he believed to be a silencer." Nothing in that statement provides even the slightest information which would give reasonable cause to suspect there was anything in the package which could be considered contraband. From these documents,

3

it appears that the word "silencer" was not listed on the outside of the package. The statements provided by Agent Fitzpatrick in support of the anticipatory warrant are only conclusory statements, which provide no evidence to support cause to suspect contraband was actually in the package. There is nothing to indicate how the initial customs agent might suspect there to be contraband in the package.

In order for the search and seizure of the items in the home to be legal, there must be probable cause upon which to issue a search warrant. Illinois v. Gates, 462 U.S. 213, 239 (1983). Conclusory statements do not provide this probable cause and neither do "ratifications" of the conclusory statements of others. *Id.* The credibility, veracity, and knowledge of the witnesses is of importance in determining probable cause. *Id.* at 238-239; United States v. Foree, 43 F.3d 1572, 1575 (1995). As a result, the search warrant application must contain the basis of the informant's knowledge and reliability. Foree, 43 F.3d at 1575-76; United States v. Brundidge, 170 F.3d 1350, 1352-1353 (11th Circ. 1999).

No information concerning the initial customs agent's knowledge concerning his suspicions about the contents of the box is ever provided in Fitzpatrick's application for a search warrant. As stated above, Fitzpatrick only states that the officer discovered the contents upon further investigation. This provides no detail concerning how he obtained that information. There is also no information provided concerning Officer Nugent's reliability on any other similar matters. The only information provided is what happened after the package was opened.

Additionally, Fitzpatrick claimed to be an experienced officer through his affidavit based upon his skill and experience. He was the one, however, who failed to

4

indicate how Agent Nugent obtained information concerning the contents of the package.  Due to this, the government knew or should have known that there was not sufficient probable cause or a good faith basis for the subsequent search.  United States v. Leon, 468 U.S. 897, 923 (1984).  This is true irrespective of the validity of the initial search of the German package.

Evidence seized based upon the results of an illegal search cannot be used by the government in a criminal prosecution.  Franks v. Delaware, 438 U.S. 154, 171 (1978); United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002).  Here, based upon government affidavits and records, there was no reason to suspect that any contraband was in the German package.  There was no information provided upon which to base reason to suspect contraband to be contained in the package; therefore, the evidence obtained from the package and the home must be excluded.

    B.    The Leon exception is not applicable because the warrant lacked probable cause and the warrant failed to particularize the items to be searched.

Courts typically do not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately determined to be unsupported by probable cause.  United States v. Leon, 468 U.S. 897, 922 (1984); United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002).  Leon, however, does not apply in all situations.  There are four situations in which Leon does not apply. Martin, 297 F.3d at 1313.  Two are applicable here.  The first is where the warrant was based on an affidavit that was lacking in probable cause to such a degree as to render official belief in its existence unreasonable.  Leon, 468 U.S. at 923.  Probable cause requires that officers believe evidence will be found in a particular place.  Nugent v. United States, 409 U.S. 1065, 1066 (1972).  This is based on the totality of the

circumstances. *Gates*, 462 U.S. 213, 230-231 (1983). To determine whether the officer's belief in the existence of probable cause was reasonable, the court must determine if the affidavit is only a "bare boned" document containing conclusory allegations. That type of document does not meet the good faith exclusion of Leon. United States v. Glinton, 154 F.3d 1245, 1257 (11th Cir. 1998).

Irrespective of the legality of the package search, the subsequent application for probable cause was deficient. Initially, the application affidavit contains no statements regarding how the customs agent came to suspect that contraband might be inside the mail package that he opened. There were no markings to indicate that the package contained contraband and the affidavit only says that after further investigation, the agent discovered the silencer. This says nothing about how he came to suspect or further investigated the package without simply opening it. The application contains no information regarding any further investigatory steps taken except that the government did a criminal background check and then applied for a warrant after studying the silencer. Those conclusory allegations specified nothing except that they knew of prior problems with the residents and what type of silencer they had. There is no indication that the application contained any specifications concerning what type of weapons they were looking for and no information from authorities concerning whether the couple actually were known to have any weapons other than a communication with the National Firearms Registration Records. It appears they did not even consult local authorities from the affidavit. Furthermore, the affidavit only said they were looking for firearms meeting the United States Code definitions. These conclusory statements do not provide enough specificity to render the Leon exception applicable.

6

Leon also does not apply where the warrant was deficient by failing to particularize the things to be seized so that the officers could not reasonably presume its validity.  Leon, 468 U.S. at 923.  Here, the affidavit only said they were looking for firearms meeting the United States Code definitions and the silencer obtained from opening the mail package.  There was no corroborating evidence from any government witnesses or officers to provide any detail about what they were looking for.

The affidavit and application for a search warrant can be summed up in what they do not contain.  There are no witnesses to any ongoing criminal activity; the initial search of the international package was illegal; the subsequent warrant was rendered invalid because the search of the package was illegal; there was insufficient probable cause to justify issuing the warrant or allowing officers to rely upon it in good faith because the affidavit failed to specify sufficient probable cause and because there was not sufficient detail provided of exactly what the officers hoped to find once they searched Karen's residence.

WHEREFORE, Defendant prays that this Honorable Court will exclude evidence obtained through the illegal search of the international package, and the illegal search of Karen Robinson's home, pursuant to a deficient search warrant and an insufficient affidavit in support of the application for the search warrant, and thus, grant the defendant's motion to suppress.

Respectfully submitted this 3rd day of November, 2006.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, PC**
22 Scott Street
Montgomery, AL  36104-4012
Telephone:   (334) 264-6776
Facsimile:   (334) 265-5362

### CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Verne Speirs, AUSA
    United States Attorney's Office
    Post Office Box 197
    Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**
