IN THE UNITED STATES DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   2:06-cr-0223-MEF |
| | ) | |
| KAREN KILGO ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
**OBJECTIONS TO THE RECOMMENDATION OF MAGISTRATE JUDGE**

COMES NOW, the defendant, Karen Kilgo Robinson, by and through the undersigned attorney, Richard K. Keith, and moves this Honorable Court for leave to file her objections out of time.

As grounds in support thereof, the following is stated:

1. The defendant filed her Motion to Suppress Search on November 3, 2006, and the hearing was held on January 16, 2007.

2. Magistrate Judge Capell made his Recommendation on February 21, 2007.

3. The trial in this case has been set for July 9, 2007.

4. Due to various conflicts, the undersigned was unable to prepare and timely file her objections.

5. Assistant United States Attorney Verne Speirs has been contacted and has no objection to this motion being granted.

WHEREFORE, premises considered, the defendant moves this Honorable Court to allow her to file her objections out of time.

Respectfully submitted this 26th day of March, 2007.

        s/ Richard K. Keith
        **RICHARD K. KEITH (KEI003)**
        Attorney for Defendant
        **KEITH & DUBIN, PC**
        22 Scott Street
        Montgomery, AL  36104-4012
        Telephone: (334) 264-6776
        Facsimile:    (334) 265-5362

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Verne Speirs, AUSA
Post Office Box 197
Montgomery, AL  36101-0197

        s/ Richard K. Keith
        **OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT FOR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   2:06-cr-0223-MEF |
| ) | |
| KAREN KILGO ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTION TO**
**RECOMMENDATION OF MAGISTRATE JUDGE**

Defendant Karen Kilgo Robinson's motion to suppress relates to searches conducted by government agents on: June 1, 2006, in Chicago, Illinois; June 15, 2006, in Deatsville, Alabama; and between August 12, 2006, and September 25, 2006, in Chattanooga, Tennessee.  The motion involves the following issues:

1. Whether a search in Chicago, Illinois, of an article of mail addressed to Co-Defendant Adam Lamar Robinson at his address in Deatsville, Alabama, violated the Fourth Amendment to the United States Constitution and 19 U.S.C. § 482.

2. Whether a search of Defendant Karen Kilgo Robinson's residence was a fruit of the aforementioned search of the article of mail and, independently, violated the Fourth Amendment to the United States Constitution.

3. Whether a search of a personal computer seized from Defendant Karen Kilgo Robinson's residence was a fruit of the aforementioned searches and, independently, violated the Fourth Amendment to the United States Constitution.

In his recommendation, the Magistrate Judge stated: "it is well established that warrantless searches at international borders of the United States may be performed even without a suspicion of criminal activity. United States v. Ramsey, 431 U.S. 606 (1977); United States v. Haley, 743 F.2d 862, 864 (11th Cir. 1984); United States v. Hernandez-Cuartes, 717 F.2d 552, 555 (11th Cir. 1983); United States v. Pringle, 576 F.2d 1114, 1116 (5th Cir. 1978)."(Doc. 61, pg. 8). Within that stated framework of analysis, the Magistrate Judge went on to conclude that a search in Chicago of an article of mail addressed to Co-Defendant Adam Lamar Robinson was reasonable under the Fourth Amendment.

Defendant Karen Kilgo Robinson submits that an examination of the opinion of the Supreme Court of the United States in United States v. Ramsey, 431 U.S. 606 (1977) (hereinafter "Ramsey") indicates a different framework of analysis and warrants a different conclusion. In Ramsey, the Supreme Court recited the following events occurring at the "General Post Office in New York City where international air mail landing at Kennedy International Airport is taken for routing and customs inspections", 341 U.S. at 609 n.2,:

> A United States customs officer in New Your City … inspecting a sack of incoming international mail from Thailand, spotted eight envelopes that were bulky and which he believed might contain merchandise. The envelopes, all of which appeared to him to have been typed on the same typewriter, were addressed to four different locations in the Washington, D.C. area. [The inspector], based on the fact that the letters were from Thailand, a known source of narcotics, and were "rather bulky," suspected that the envelopes might contain merchandise or contraband rather than correspondence. He took the letters to an examining area in the post office, and felt one of the letters: It "felt like there was something in there, in the envelope. It was not just plain paper that the envelope is supposed to contain." He weighed one of the

2

>envelopes, and found it weighed 42 grams, some three to six times the normal weight of an airmail letter. [The inspector] then opened that envelope.

341 U.S. at. 609. As did the Magistrate Judge in this case, the Supreme Court referenced 19 U.S.C. § 482 and 19 C.F.R. § 145.2 (1976). 341 U.S. at. 611-613. However, the Supreme Court concluded that rather there being carte blanche authority to search international mail, a "reasonable cause to suspect" test applied. The Supreme Court stated: "The 'reasonable cuase to suspect test' adopted by the statute is, we think, a practical test which imposes a less stringent requirement than that of 'probable cause' imposed by the Fourth Amendment as a requirement for the issuance of warrants." 341 U.S. at. 612-613. The Supreme Court, utilizing a "reasonable cause to suspect" test, concluded that the search at issue was reasonable.

In this case, however, Defendant Karen Kilgo Robinson submits that there was not reasonable cause to suspect criminality. According to an affidavit, (Doc. 40, Attachment A), used to obtain a search warrant for Defendant Karen Kilgo Robinson's residence:

>On June 1, 2006, U.S. Customs and Border Protection (CBP) Inspector D. Nugent in Chicago, Illinois was assigned to work foreign mail when he intercepted a parcel coming from Maulberg, Germany. The package was destined for Adam ROBINSON at 1708 Formosa Court, Deatsville, Alabama 36022 USA. The parcel was also marked declaring it as a "CO-2-Set". Upon further investigation, Officer Nugent discovered the parcel contained an item, which he believed to be a silencer for a firearm. A "firearm silencer" or "firearm muffler" means any device for silencing or muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication. (See Title 18, United States Code, Section 921(a)(24)). The parcel also contained a document in the English and German language stating that the item was a Weihrauch-silencer. The documentation included installation instructions.

Nugent's suppression hearing testimony was in line with the affidavit. He did add that an x-ray image of the package displayed a metal sphere which he said resembled a silencer. He did testify that a CO-2 cartridge, as indicated on the marking on the package, was similarly cylindrical. Defendant Karen Kilgo Robinson submits that this was not enough to support a finding of reasonable suspicion of criminality to support the warrantless search of the article of mail addressed to Co-Defendant Adam Lamar Robinson.

After this search, the article of mail was sent by federal agents in Chicago, Illinois to federal agents in Montgomery, Alabama. On June 14, 2006, federal agents in Montgomery, Alabama procured an anticipatory search warrant, (Doc. 40, Attachment B), to search Defendant Karen Kilgo Robinson's residence in Deatsville, Alabama. The search warrant affidavit, (Doc. 40, Attachment A), referenced the aforementioned search in Chicago. Accordingly, the warrant to search Defendant Karen Kilgo Robinson's residence was a fruit of the aforementioned warrantless search in Chicago. As such, Defendant Karen Kilgo Robinson submits that its own fruits are likewise excludable. Wong Sun v. United States, 371 U.S. 471 (1963).

Apart from the aforementioned derived from the aforementioned search, the search warrant affidavit information did not provide the issuing authority with a "substantial basis" for determining probable cause to believe that contraband or evidence of a crime would be found at Defendant Karen Kilgo Robinson's residence. See Illinois v. Gates, 462 U.S. 213, 238-239 (1983) (evidence presented in support of an application for a search warrant must provide issuing authority with a "substantial basis" for determining probable cause). Accordingly, the warrant does not pass muster under the Fourth Amendment.

Upon executing the search warrant at Defendant Karen Kilgo Robinson's residence, federal agents and other government agents seized numerous items of evidence which the government contends are incriminating and some of which serve as the basis for the charges against Defendant Karen Kilgo in this case. Among the items seized was a personal computer.

On August 8, 2006, federal agents procured a search warrant (Doc. 40, Attachment D) for the personal computer seized from Defendant Karen Kilgo Robinson's residence. The search warrant affidavit (Doc. 40, Attachment C) referenced the aforementioned search in Chicago and the aforementioned search of Defendant Karen Kilgo Robinson's residence. Thus, the warrant to search the personal computer was a fruit of the aforementioned warrantless search in Chicago and the search of Defendant Karen Kilgo Robinson's residence. As such, Defendant Karen Kilgo Robinson submits that its own fruits are likewise excludable. Wong Sun v. United States, 371 U.S. 471 (1963).

Apart from information derived from the aforementioned searches, the search warrant affidavit information did not provide the issuing authority with a "substantial basis" for determining probable cause to believe that contraband or evidence of a crime would be found in the personal computer. See Illinois v. Gates, 462 U.S. 213, 238-239 (1983) (evidence presented in support of an application for a search warrant must provide issuing authority with a "substantial basis" for determining probable cause). Accordingly, the warrant does not pass muster under the Fourth Amendment.

The personal computer was sent by federal agents in Montgomery, Alabama to federal agents in Chattanooga, Tennessee. Upon executing the warrant to search the

personal computer between August 12, 2006, and September 25, 2006, federal agents obtained information which the government contends is incriminating.

Based upon the foregoing, Defendant Karen Kilgo Robinson contends that the Magistrate Judge's conclusion that aforementioned searches were not violative of the Fourth Amendment to the United States Constitution and 19 U.S.C. § 482 is erroneous.

WHEREFORE, Defendant Karen Kilgo Robinson moves this Honorable Court to sustain her objections to the recommendation of the Magistrate Judge and enter an order suppressing the fruits of the searches complained of herein.

Respectfully submitted this 26th day of March, 2007.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, PC**
22 Scott Street
Montgomery, AL  36104-4012
Telephone: (334) 264-6776
Facsimile:   (334) 265-5362

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Verne Speirs, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**
